IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MACHELLE WIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-026 |
| | ) | |
| UNIVERSITY HOSPITAL; | ) | |
| DANETTE THOMAS; and | ) | |
| VITA MASON, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned employment discrimination case *pro se* and

is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's amended

complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d

782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed,

Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or

any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief

may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.      SCREENING OF THE COMPLAINT

   A.      BACKGROUND

On September 15, 1989, Defendant University Hospital hired Plaintiff as a unit clerk.

(Doc. no. 1, p. 11.)   On May 15, 2016, Plaintiff was removed from her shift and the shift

was given to another unit clerk who was of a lighter complexion.  (Id.)  On May 27, 2016,

Plaintiff told Defendant Dannette Thomas, her immediate supervisor, that she felt she was being treated differently. (Id.) On the same day, at an unspecified time, Defendant issued three written citations to Plaintiff, which Plaintiff refused to sign. (Id. at 7.) These citations were false, Plaintiff claims, and unfairly disqualified her from a pay raise or bonus as an act of retaliation. (Id.) Plaintiff reported her concerns to the human resources department and told Defendant Mason that she "fear[ed] for [her] job of twenty-seven years." Id. at 7. On October 27, 2016, Plaintiff was discharged. (Id. at 11.)

Plaintiff alleges unidentified employees were not subject to the same attendance and leave policies, but does not describe these policies. (Id. at 6-7.) In Plaintiff's EEOC charge, Plaintiff alleges she was discriminated against in violation of Title VII of the Civil Rights Act of 1964. (Id. at 10.) The EEOC was unable to conclude Defendants had violated any statutes, but notified Plaintiff of her right to bring a federal lawsuit within ninety days. (Id. at 9.) Plaintiff timely filed this suit within ninety days of receiving her right to sue letter.

## B. DISCUSSION

### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2.    Defendants Mason and Thomas Should Be Dismissed.

Plaintiff has brought her Title VII claims against individual defendants Mason and Thomas in addition to University Hospital, her employer.  However, the relief granted under Title VII is against the employer, not individual employees who violated the Act.  Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991).  Thus, individual capacity suits under Title VII are inappropriate, and the only proper defendant in a Title VII suit is the employer or supervisory employees in their official capacities as agents of the employer.  Id.  To the extent Plaintiff names Defendants Thomas or Mason in their official capacities as supervisory employees, her claims are redundant because she has already named her employer, Defendant University Hospital.  Busby, 931 F.2d at 776; Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) ("However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action.").  Thus, Plaintiff's Title VII claims against Defendants Mason and Thomas, in either capacity, are inappropriate or redundant and these Defendants should be dismissed.

Furthermore, Defendant Mason should be dismissed for the additional reason that Plaintiff has failed to state a claim against her.  Plaintiff's only allegation against Defendant Mason is that Plaintiff told her that she feared for her job.  (Doc. no. 1, p. 7.)  This statement fails to connect Defendant Mason with any type of misconduct.  See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); see also Brooks v. CSX Transp., Inc., 3:09-CV-379-J-32HTS, 2009 WL

4

3208708, at \*4 (M.D. Fla. Sept. 29, 2009) (dismissal of three individual defendants from employment discrimination suit was appropriate, in part, because plaintiff's complaint "mention[ed] the three individual defendants only in passing and it [was] not clear what basis for liability, if any, exist[ed] as to these individuals."). In sum, both Defendants Mason and Thomas should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Mason and Thomas be **DISMISSED**. In a companion Order, the Court has allowed Plaintiff's Title VII claims against Defendant University Hospital to proceed.

SO REPORTED AND RECOMMENDED this 26th day of April, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA